**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:14-CR-00102-TBR**


UNITED STATES OF AMERICA                                                    Plaintiff,

v.

EDSON ARTICA ALFARO
MARCO ANTON CHAIRES                                                    Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon several pretrial Motions filed by Defendant Marco Anton Chaires, including a Motion for Production of Favorable Evidence, (Docket No. 24); a Motion for Discovery, (Docket No. 25); and a Motion for Disclosure, (Docket No. 26).  The Government has responded to each.  (Docket Nos. 36, 37, and 38.)  Being sufficiently advised, the Court will address each motion in turn.

I.       **Motion for Production of Favorable Evidence**

In his first motion, Chaires seeks to compel the Government to disclose exculpatory materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  Specifically, he seeks the name and address of any individual that the Government has interviewed but does not intend to call as a trial witness, as well as any statements or summaries associated with such persons; all material bearing upon Chaires' own guilt or innocence, the credibility of witnesses, or the reliability of any tangible evidence; and disclosure of any favorable consideration promised in connection with the case's investigation or prosecution.

*Brady* and its progeny define the scope of the Government's obligation to "turn over material that is both favorable to the defendant and material to guilt or punishment."  *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994).  "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial."  *Id.* (citing (*United States v. Agurs*, 427 U.S. 97, 112 n.20 (1976)).

Moreover, the Government's obligation includes a duty to disclose evidence that could be used to impeach a witness's credibility when his reliability "may be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154-55.

"[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to adequately comply with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *U.S. v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies that such exculpatory material exists, the defense has no "general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

In this case, the Government has assured the Court that it recognizes its disclosure obligations pursuant to *Brady* and *Giglio* and will fulfill such responsibilities.  To the extent that the information Chaires requests falls under such doctrines, the Government need not provide such information at this juncture. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.") (quoting *U.S. v. Bagley*, 473 U.S. 667, 675 (1985)).  The Government shall comply with its *Brady* requirements "in time for [their] 'effective' use at trial." *Id.* at 1283.  However, the Court strongly encourages early disclosure.

## II.      Motion for Discovery

Chaires next requests an Order requiring the Government to copy certain documents or tangible objects, reports or results of certain scientific and laboratory tests, reports of the substance of Chaires' oral statements, Chaires' criminal history, and a summary of any expert testimony that the Government intends to use during its case-in-chief.

"[I]n most criminal prosecutions, the *Brady* rule, Rule 16, and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (citations omitted). Rule 16 "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody, or control, reports of examinations or tests, and a summary of any expert witness testimony." *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Pegross*, No. 05-80949, 2007 WL 1771542 at *1 (E.D. Mich. 2007)). Where the Government has assured the Court and defendants that it is aware of and will comply with its Rule 16 obligations, a defendant's motion requesting pretrial discovery is often denied. *See, e.g.*, *id.* at 672-73; *United States v. Moore*, No. 5:09-CR-00015-TBR, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010).

Here, the Government has made such assurances. To the extent that Chaires' request accords with Rule 16, such evidence shall be disclosed to the defense prior to trial. However, "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions." *Presser*, 844 F.2d at 1285. Therefore, any evidence exceeding the Rule's scope is not discoverable and need not be disclosed.

### III.     Motion to Require the United States to Provide Notice of Intention to Use Other Crimes, Wrongs, or Acts Evidence

Finally, Chaires moves the Court to require the Government to disclose to him evidence within the scope of Federal Rule of Evidence 404(b). Under Rule 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). The Federal Rules of Evidence only require the prosecution to provide reasonable notice of evidence of prior crimes or bad acts prior to trial. Fed. R. Evid. 404(b). Upon the Government's guarantee to provide such information fourteen days before trial, the Court finds that the

3

Government has complied with Rule 404(b), as fourteen days is a reasonable period to turn over such evidence.

**Conclusion and Order**

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant        Marco        Anton Chaires' Motion for Production of Favorable Evidence, (Docket No. 24) is DENIED; the Motion for Discovery, (Docket No. 25), is GRANTED IN PART AND DENIED IN PART; and the Motion for Disclosure, (Docket No. 26) is DENIED.