UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00102-TBR

UNITED STATES OF AMERICA                                                                 Plaintiff,

v.

EDSON ARTICA ALFARO
MARCO ANTON CHAIRES                                                                      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon several pretrial motions filed by Defendant Edison Artica Alfaro. (Docket Nos. 40, 42-45, 47,48), to which the Government has responded, (Docket Nos. 72, 75, 70, 74, 71, 73.) Alfaro also filed a motion for leave to file additional motions within ten days of the Government's compliance with his request for discovery. (Docket No. 41.) Moreover, both Alfaro and Co-Defendant Marco Anton Chaires filed motions to adopt any motions filed by the other. (Docket Nos. 48, 59.) Fully briefed, these matters stand ripe for adjudication. The Court will address each motion in turn.

I.   Motion to Preserve and Timely Produce Agent's Rough Notes

Alfaro first moves the Court to enter an order compelling government agents to preserve their notes from any interviews with persons who may be witnesses at trial, as well as any notes taken or adopted by agents who will testify as witnesses. He also seeks the preservation of notes that incorporate statements or interviews of a defendant. (Docket No. 40.) The Government responds that the Jencks Act, 18 U.S.C. § 3500, does not oblige it to produce agent notes and reports unless they are adopted by a witness. (Docket No. 72.)

1

The doctrine articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), and in the Jencks Act grant a criminal defendant access to certain evidence. *Brady* requires the prosecution to disclose all exculpatory material and impeachment evidence to a defendant. *Brady*, 373 U.S. at 87; *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008). The Jencks Act requires that following the testimony of a government witness, the defendant can request and the Court can order the government to provide certain documents that relate to the subject matter of the government witness' testimony. 18 U.S.C. §3055(a), (b).

Interpreting the *Brady* doctrine, the Sixth Circuit has explained that "'the Due Process Clause does not impose 'an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.'" 102 F.3d 214, 219 (6th Cir. 1996) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Rather, the government is bound to preserve only that evidence "that possesses an exculpatory value which was apparent before the evidence was destroyed." *Id.* Although the Government must preserve any rough notes that are known to exculpate a defendant, it need not preserve *all* of the rough notes of its agents.

The Sixth Circuit has likewise held that the routine destruction of interview notes does not violate either the *Brady* doctrine or the Jencks Act. *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977) (citing *United States v. Hurst*, 510 F.2d 1035, 1036 (6th Cir. 1975); *United States v. Lane*, 479 F.2d 1134, 1135-36 (6th Cir.) cert. denied, 414 U.S. 861 (1973); *United States v. Fruchtman*, 421 F.2d 1019, 1021-22 (6th Cir.), cert. denied, 400 U.S. 849 (1970)).

However, the fact that the routine destruction of interview notes does not rise to a *Brady* or Jencks violation does not preclude the Court from issuing an order prohibiting such destruction from this point forward. The Government does not argue that preserving the rough notes produced by its agents would be administratively burdensome or prejudicial in any way. Proceeding with an

abundance of caution, the Court perceives no reason why it should not grant Alfaro's motion. In so doing, the Court expresses no opinion as to whether or not the *Brady* doctrine or the Jencks Act compels the Government to preserve the rough notes of its agents. Therefore, the Court will grant Alfaro's motion.

### II. Motion for Leave to File Additional Motions

Alfaro requests ten days from the time the Government complies with his requests for discovery by which to file additional motions, should they become necessary. The Government has not objected. The Court therefore grants Alfaro's motion.

### III. Motion to Preserve Evidence for Defense Testing

Alfaro next asks the Court to order the Government "to preserve any and all evidence collected or seized as a result of the investigation of this case so that the evidence can be examined and tested independently by the defense." (Docket No. 42.) He further seeks a statement from the Government acknowledging and explaining any evidence that has already been destroyed or exhausted during testing procedures. Alfaro does not explain which evidence in this case might be subject to testing, nor does he cite to case law supporting his argument that such preservation and disclosure is necessary.

While the Government is required to preserve evidence that is material and favorable to the accused under *Brady*, the Supreme Court has rejected the notion that the Government must preserve all evidentiary material. *See Youngblood*, 488 U.S. at 57-59 ("[U]nless a criminal defendant can show bad faith . . . failure to preserve potentially useful evidence does not constitute a denial of due process of law."); *accord United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001) ("For the failure to preserve potentially useful evidence to constitute a denial of due process, a criminal defendant must show bad faith on the part of the government."). Interpreting the *Brady* doctrine, the Sixth

3

Circuit has explained that "the Due Process Clause does not impose 'an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution.'" *United States v. Jobson*, 102 F.3d 214, 219 (6th Cir. 1996) (quoting *Youngblood*, 488 U.S. at 58). Rather, the Government's duty to preserve extends only to that evidence "that possesses an exculpatory value which was apparent before the evidence was destroyed." *Id.*

Here, Alfaro has pointed to no bad faith on the Government's part. Moreover, the Government is aware of its *Brady* obligations to retain material exculpatory evidence. Accordingly, because Alfaro's motion exceeds the scope of what is required, the Court will deny it. However, the Court notes that the Government does not object to Alfaro's effort to conduct independent testing, so long as the chain of custody is preserved and all individuals who perform such tests are qualified to do so. Moreover, the Government requests that the arresting agent and the Assistant United States Attorney be present during the testing or inspection. (Docket No. 75.) The Court presumes that the parties will move forward with the independent testing subject to these conditions.

### IV. Motion for Order Requiring the Government to Give Notice of Its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts

Alfaro seeks an order compelling the Government to give notice of its intention to use evidence of his other crimes, wrongs, or bad acts at trial. (Docket No. 43.) He asserts that this information is necessary for adequate trial preparation and that failure to provide this information would result in undue prejudice, surprise, and delay. The Government asks the Court to deny the motion as moot because the Government will provide an appropriate Federal Rule of Evidence Rule 404(b) notice fourteen days prior to trial. (Docket No. 70.)

Because the Court finds that providing Rule 404(b) notice fourteen days prior to trial is sufficient to prevent any undue prejudice, the motion will be DENIED as moot.

V.     **Motion for Disclosure of Impeaching Information; Motion for Exculpatory Material**

Alfaro next seeks an order requiring the Government to disclose evidence favorable to the accused or that discredits the Government's case, pursuant to the *Brady* doctrine. (Docket Nos. 44 and 47.) *Brady* and its progeny define the scope of the Government's obligation to "turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing (*United States v. Agurs*, 427 U.S. 97, 112 n.20 (1976)). Moreover, the Government's obligation includes a duty to disclose evidence that could be used to impeach a witness's credibility when his reliability "may be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154-55.

"[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to adequately comply with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *U.S. v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies that such exculpatory material exists, the defense has no "general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

In this case, the Government has assured the Court that it recognizes its disclosure obligations pursuant to *Brady* and *Giglio* and will fulfill such responsibilities. To the extent that the information Alfaro requests falls under such doctrines, the Government need not provide such information at this juncture. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that,

5

if suppressed, would deprive the defendant of a fair trial.") (quoting *U.S. v. Bagley*, 473 U.S. 667, 675 (1985)). The Government shall comply with its *Brady* requirements "in time for [their] 'effective' use at trial." *Id.* at 1283. However, the Court strongly encourages early disclosure.

VI.     **Motion for Disclosure of Informants**

Alfaro next asks the Court to enter an order requiring the Government to identify any informant who witnessed or participated in the alleged criminal activity as charged in the indictment. (Docket No. 45.) Citing *Rovario v. United States*, Alfaro notes that a trial court may require disclosure of an informant's identity "where the disclosure . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." 353 U.S. 53, 60-61 (1957). The Government states that it is unaware of the participation of an informant and notes that if an informant exists, he or she will be called to testify at trial and will be identified as an informant at that time. (Docket No. 71.) In light of the Government's response, the motion will be DENIED as moot.

VII.    **Motions to Adopt**

Both Alfaro and Chaires have moved to adopt all motions filed by the other if pertinent to his own defense. (Docket Nos. 48, 59.) The Court will GRANT these motions.

**Conclusion and Order**

Therefore, for the reasons set forth above, IT IS HEREBY ORDERED:

I.      Alfaro's Motion to Preserve and Timely Produce Agents' Rough Notes, (Docket No. 40), is GRANTED;

II.     Alfaro's Motion for Leave to File Additional Motions, (Docket No. 41), is GRANTED;

6

III. Alfaro's Motion to Preserve/Retain Evidence for Defense Testing, (Docket No. 42), is DENIED;

IV. Alfaro's Motion for Order Requiring the Government to Give Notice of Its Intention to Use Evidence of Other Crimes, Wrongs, or Bad Acts, (Docket No. 43), is DENIED;

V. Alfaro's Motion for Disclosure of Impeaching Information, (Docket No. 44), is DENIED;

VI. Alfaro's Motion for Disclosure of Informants, (Docket No. 45), is DENIED;

VII. Alfaro's Motion for Exculpatory Material, (Docket No. 47), is DENIED;

VIII. Alfaro's Motion to Adopt Motions Filed by any Co-Defendant in This Case, (Docket No. 48), is GRANTED; and

IX. Chaires's Motion to Adopt, (Docket No. 59), is GRANTED.